UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
VINCENT PINKNEY,

        Plaintiff,

-against-

THE CITY OF NEW YORK,

        Defendant.
------------------------------------------------------------x

NOT FOR PUBLICATION
MEMORANDUM & ORDER
15-CV-6221 (CBA) (PK)

**AMON, United States District Judge:**

    Plaintiff Vincent Pinkney, currently incarcerated at Fishkill Correctional Facility,[1] brings this pro se complaint against the City of New York (the "City") pursuant to 42 U.S.C. § 1983, alleging that he was the victim of false arrest in September 2014. Plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 is granted. For the reasons stated below, plaintiff's claim against the City must be dismissed, but the Court grants him leave to amend his complaint.

## BACKGROUND

    Plaintiff's complaint alleges that, "on or about September 25, 2014, [he] was arrested and falsely [accused] of a crime of assault"—charges that were subsequently dismissed. (Compl. at 5.) Plaintiff provides no further details, save for noting that he "would like to sue for false arrest." Although plaintiff's complaint is distinctly lacking in detail, the Court liberally construes the complaint as seeking relief pursuant to 42 U.S.C. § 1983.

    Section 1983 "allows an action at law against a 'person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured

---

[1] Plaintiff's complaint indicates that he is at Downstate Correctional Facility, (Compl. at 6), but a search of the New York State Department of Corrections and Community Supervision online database, conducted on the same date as the date of this Order, suggests that Pinkney has since been moved to Fishkill.

1

by the Constitution and laws.'" Patterson v. Cty. of Oneida, 375 F.3d 206, 225 (2d Cir. 2004) (quoting 42 U.S.C. § 1983). "Section 1983 is not itself a source of substantive rights . . . [; i]t merely provides a method for vindicating federal rights elsewhere conferred." Id. (internal quotation marks and citations omitted). "To avoid sua sponte dismissal of a § 1983 claim, a plaintiff must allege that (1) the defendant was a state actor, i.e., acting under color of state law, when he committed the violation and (2) the defendant deprived the plaintiff of 'rights, privileges or immunities secured by the Constitution or laws of the United States.'" Milan v. Wertheimer, 808 F.3d 961, 964 (2d Cir. 2015).

## DISCUSSION

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." 28 U.S.C. § 1915A(a). Upon review, a district court shall dismiss sua sponte any such complaint that is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007); see also Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), mandates sua sponte dismissal of frivolous prisoner complaints).

At the pleadings stage, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations in the complaint." Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). To avoid dismissal for failure to state a claim, a plaintiff must allege sufficient facts to enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Although

a pro se complaint must contain sufficient factual allegations to meet this standard, it is held to less stringent standards than pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007). The Court is obliged to construe the pleadings liberally and interpret them as raising the strongest arguments they suggest. Abbas, 480 F.3d at 639.

Plaintiff has failed to state a § 1983 claim against the City. In order to sustain a claim for relief under 42 U.S.C. § 1983 against a municipal defendant, such as the City of New York, a plaintiff must "identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown, 520 U.S. 397, 403 (1997) (citing Monell v. N.Y. City Dep't of Social Servs., 436 U.S. 658, 694 (1978)); Cash v. Cty. of Erie, 654 F.3d 324, 333 (2d Cir. 2011) ("[T]o establish municipal liability under § 1983, a plaintiff must prove that action pursuant to official municipal policy caused the alleged constitutional injury." (internal quotation marks and citation omitted)). "[M]unicipalities are 'responsible only for their own illegal acts,' and cannot be held 'vicariously liable under § 1983 for their employees' actions." Cash, 654 F.3d at 333 (quoting Connick v. Thompson, 563 U.S. 51, 60 (2011)). "Rather, a 'plaintiff must demonstrate that, through its deliberate conduct, the municipality was the moving force behind the alleged injury.'" Id. (quoting Roe v. City of Waterbury, 542 F.3d 31, 37 (2d Cir. 2008)). Here, plaintiff has not alleged that any of the actions at issue in his complaint were undertaken pursuant to a municipal policy or custom. Accordingly, plaintiff's § 1983 claim against the City is dismissed with prejudice for failure to state a claim on which relief may be granted.

## CONCLUSION

For the reasons stated above, plaintiff's claim against the City is dismissed for failure to state a claim on which relief may be granted. The Court grants plaintiff leave to file an amended complaint within thirty (30) days of the date of this Order, identifying as the proper defendants in this action the specific officials responsible for his arrest. If plaintiff cannot identify such officials

3

by name, he may describe their physical appearances and refer to them as "John Doe 1," "John Doe 2," and so forth. Additionally, if plaintiff submits an amended complaint, he should include as much detail as possible about the false arrest he alleges. The amended complaint should be captioned "Amended Complaint" and should bear the same docket number as this Order. If plaintiff fails to file a timely amended complaint, his case will be dismissed. No summons shall issue at this time, and all further proceedings shall be stayed for thirty (30) days. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: May 23, 2016
Brooklyn, New York

Carol Bagley Amon
United States District Judge

4